# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1277V

| | |
|---|---|
| SANDRA YOCKTENG,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 26, 2024 |

*Matthew Kobren*, Boca Raton, FL, for Petitioner.

*Joel Austin Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 23, 2021, Sandra Yockteng filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner received the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), on or about November 27, 2019. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table. On June 14, 2023, I issued a decision awarding compensation to Petitioner, based on the parties' stipulation. ECF No. 53.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $7,904.38 (representing $7,237.20 for fees and $667.18 for costs). Petitioner's Motion for Attorney's Fees and Costs, filed Jan. 15, 2024, ECF No. 57. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on February 6, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 58. Petitioner filed no reply.

The hourly rate requested by Matthew Kroben is the maximum allowed for an attorney with his overall experience for work performed in 2021, and in the higher range for 2022 and 2023. *See* 2021-2023 Attorneys' Forum Hourly Rate Fee Schedules at http://www.uscfc.uscourts.gov/node/2914 (last visited March 24, 2024). Although Mr. Kobren usually would not be entitled to this hourly rate given his lack of experience in the Vaccine Program, due to the lower amount of time billed, the overall amount of fees requested is reasonable ($7,237.20). Thus, I will award the attorney's fees requested.

Regarding attorney's costs, Petitioner has provided supporting documentation for only $582.93 in claimed costs. ECF No. 51-2. Petitioner has not provided any substantiate for any of the remaining costs. Furthermore, at least two of these costs may be connected to an earlier filed civil action or documentation needed for the admission to the United States Court of Federal Claims of Petitioner's counsel – costs which should not be reimbursed. *See* ECF No. 51-2 at 1 (two entries from mid-April 2021, one of which indicates a payment to the Florida Supreme Court). **Therefore, I will reimburse only the costs for which Petitioner has provided adequate documentation, $582.93.**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $7,820.13 (representing $7,237.20 for fees and $582.93 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Matthew Kobren.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
